### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANCIS CRAIG FARRIS JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-931-F** |
| | ) | |
| **RANDALL G. WORKMAN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has not responded. Instead, Petitioner has filed his own motion to dismiss to which Respondent has not responded. As the parties' respective time to respond to these motions has lapsed, they are at issue. For the following reasons, it is recommended that Respondent's motion to dismiss be granted and Petitioner's motion to dismiss be denied as moot.

By this action, Petitioner challenges his conviction following a jury trial on one count of second-degree burglary after former conviction of two or more felonies for which he was sentenced to a 25-year term of imprisonment. Case No. CF-2002-154, District Court of Oklahoma County, Docket; Petition, p. 1. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Farris v. State, No. F-2005-1052 (Okla. Crim. App. Oct. 19, 2006) (attached to Brief in Support of

Respondent's Motion to Dismiss as Ex. 3); Petition, p. 2. Petitioner did not seek certiorari or state post-conviction relief. Petition, p. 2.

Petitioner raises three grounds for relief. In Ground One, he challenges the sufficiency of the evidence supporting his conviction. Id. at 4. In Ground Two, Petitioner claims that his conviction should be vacated because of an impermissibly suggestive photographic lineup. Id. at 5. In Ground Three, Petitioner contends that the trial court should have given a cautionary instruction concerning the reliability of eyewitness identification. Id. at 7.

Respondent argues that the petition should be dismissed because Petitioner has not exhausted state court remedies for all of the claims raised. More specifically, Respondent contends that some of the "facts" supporting Petitioner's second ground for relief, purportedly a claim that his conviction should be vacated because of an impermissibly suggestive photographic lineup, support issues concerning the effectiveness of trial counsel and prosecutorial misconduct, which were not raised as issues on direct appeal. Brief in Support of Respondent's Motion to Dismiss, p. 2. In his direct appeal, Petitioner did not challenge the effectiveness of counsel, suggest that the prosecution made improper comments, or make any other argument predicated on the facts he alleges in support of Ground Two. See generally, Brief in Support of Respondent's Motion to Dismiss, Exs. 1 and 3. Therefore, according to Respondent, Petitioner has not exhausted state court remedies for the claims presented in Ground Two. Brief in Support of Respondent's Motion to Dismiss, pp. 2-4. In his own motion to dismiss, Petitioner concedes that he has not exhausted all of the claims presented in

the petition and he seeks permission to dismiss the petition without prejudice to permit exhaustion of his claims in state court.  Petitioner's Motion to Dismiss, p. 1.

Section 2254(b)(1) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action.  Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002).  The exhaustion requirement is fulfilled if the petitioner shows either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress."  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The petitioner bears the burden to show that state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

A review of the arguments presented in Petitioner's brief on direct appeal and the petition he has filed in this Court demonstrates that facially he has raised the same claims here that were presented to the Oklahoma Court of Criminal Appeals on direct appeal.  However, as the Respondent notes, to the extent Petitioner is trying to raise an ineffective assistance of counsel claim and a prosecutorial misconduct claim in Ground Two, those claims are not exhausted.[1]

---

[1] The undersigned also notes that in Ground One of the petition, Petitioner alleges "facts" in support of his attack on the sufficiency of the evidence that could be construed as an attack on the effectiveness of trial counsel and possibly a claim that he was not given proper Miranda warnings.  To the extent Petitioner is raising these claims, they are not exhausted.

More specifically, in Petitioner's second proposition of error on direct appeal, he attacked the photographic lineup in which he was identified as impermissibly suggestive because his picture, unlike the others in the lineup, contained a dark background.  Brief in Support of Respondent's Motion to Dismiss, Ex. 1, p. 11.  Petitioner reasserts this claim in Ground Two but also contends that trial counsel failed to "challenge the state[']s case," adequately investigate mitigating evidence, properly prepare for trial, sufficiently advise Petitioner, or develop information to create reasonable doubt.  <u>See</u> Petition, p. 5.  Petitioner also contends that the prosecutor made comments at trial that impermissibly shifted the burden of proof and that the "cumulative fashion" of the errors at his trial warrant a modification of his sentence.  <u>Id.</u>  None of these arguments were presented to the Oklahoma Court of Criminal Appeals for resolution.  <u>See generally</u> Brief in Support of Respondent's Motion to Dismiss, Exs. 1 and 3.  Accordingly, to the extent Petitioner is attempting to raise them here as grounds for relief, they are unexhausted.

As the petition contains both exhausted and unexhausted claims, it is a "mixed petition."  <u>Pliler v. Ford</u>, 542 U.S. 225, 227 (2004) (quotation omitted).  When a district court is presented with a mixed petition, it must "either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."  <u>Moore v. Schoeman</u>, 288 F.3d 1231, 1235 (10th Cir. 2002) (discussing options in light of § 2254(b) and <u>Rose v. Lundy</u>, 455 U.S. 509 (1982)).  Additionally, "in limited circumstances" a federal court may stay a mixed petition pending exhaustion of state court proceedings if the petitioner establishes "good cause"

for the failure to first exhaust the claims in state court and they are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005).

Whether Petitioner chooses to dismiss his petition to permit exhaustion or amend the petition to proceed only on his exhausted claims, Petitioner may face substantial obstacles in attempting to present his unexhausted claims in a subsequently filed habeas petition. For example, if Petitioner is permitted to dismiss the petition and return to state court to exhaust his claims, he may face a limitations problem upon returning to federal court. A habeas petitioner generally has one year from the date his conviction becomes "final" in which to file a petition for federal habeas review. See 28 U.S.C. § 2244(d)(1)(A). Because Petitioner directly appealed his conviction, it became "final" on January 17, 2007, 90 days after the Oklahoma Court of Criminal Appeals issued its opinion and the time for seeking certiorari in the Supreme Court expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, the limitations period during which Petitioner may file a habeas petition will expire January 17, 2008. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007)[2] ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).[3] The limitations period for seeking §

---

[2]This and any other unpublished disposition are cited herein for persuasive authority pursuant to Tenth Circuit Rule 32.1.

[3] Though it is unlikely to affect the outcome in this case, there has been some inconsistency in the Circuit as to whether the statute of limitations begins to run on the date the conviction becomes final or the following day. Compare Hurst, 322 F.3d at 1261-62 ("[T]he one-year period of limitations . . . commenced on the day after expiration of the time for petitioning for certiorari, or May 18, 1999 . . . [and] ended on May 18, 2000 . . . .") and Haws, 219 Fed. Appx. at 783, with Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. (continued...)

2254 relief is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2241(d)(2).  But the limitations period is not tolled during the time in which a federal habeas petition is pending in a federal district court.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001); York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003).  Accordingly, there is a distinct possibility that the statute of limitations governing the petition will expire before Petitioner is able to file an application for state post-conviction relief and return to federal court after the Oklahoma Court of Criminal Appeals resolves his unexhausted claims.

Petitioner may also choose to simply amend the petition to dismiss his unexhausted claims, but by doing so he will mostly likely forego the opportunity to seek federal habeas relief based upon those claims.  If Petitioner proceeds with this action on his exhausted claims only, a subsequent habeas petition attacking Petitioner's second-degree burglary conviction may be characterized as "second and successive" which would require the Tenth Circuit Court of Appeals' pre-authorization to proceed.  See 28 U.S.C. § 2244(b); see also Tapia v. Lemaster, 172 F.3d 1193, 1194-96 (10th Cir. 1999); Brown v. Shanks, 185 F.3d 1122, 1125 n. 4 (10th Cir. 1999).

In light of the above, it is recommended that Respondent's motion to dismiss be granted and the petition be dismissed without prejudice to re-filing unless within twenty

---

[3](...continued)
2007) (noting that petitioner's conviction became final on December 31, 2001 and the statute of limitations expired on December 31, 2002) and Malone v. Oklahoma, Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (noting that because petitioner's "conviction became final on June 28, 1999 . . . [Petitioner] had one year from the date his conviction became final, until June 28, 2000, to file a federal habeas petition.").

(20) days of any order adopting this Report and Recommendation, Petitioner chooses to amend his petition to only present his exhausted claims.  In light of this recommended disposition, it is further recommended that Petitioner's motion to dismiss be denied as moot.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Respondent's motion to dismiss [Doc. No. 10] be granted and that the petition be dismissed without prejudice to refiling unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner files an amended petition presenting only his exhausted claims.  In light of this recommended disposition, it is further recommended that Petitioner's Motion to Dismiss [Doc. No. 12] be denied as moot.

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 10, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 21st day of December, 2007.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE