## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FRANCIS CRAIG FARRIS JR.,     )
                             )
         **Petitioner,**     )
                             )
    **vs.**             )    **Case No. CIV-07-931-F**
                             )
RANDALL G. WORKMAN, Warden, )
                             )
         **Respondent.**    )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response has now been filed, and thus the matter is at issue. For the following reasons, it is recommended that the petition be denied.

By this action, Petitioner challenges his conviction following a jury trial on one count of second-degree burglary after former conviction of two or more felonies for which he was sentenced to a 25-year term of imprisonment. Case No. CF-2002-154, District Court of Oklahoma County; Amended Petition, p. 1. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction and sentence. <u>Farris v. State</u>, No. F-2005-1052 (Okla. Crim. App. Oct. 19, 2006) (attached to Response as Ex. 3); Amended Petition, p. 2. Petitioner did not seek certiorari or state post-conviction relief. Amended Petition, p. 2.

Petitioner raises three grounds for relief.  In Ground One, he challenges the sufficiency of the evidence to prove one of the crime's essential elements.  Id. at 4.  In Ground Two, Petitioner claims that his conviction should be vacated because of an impermissibly suggestive photographic lineup.  Id. at 5.  In Ground Three, Petitioner contends that the trial court should have given a cautionary instruction concerning the reliability of eyewitness identification.  Id. at 7.

## I. BACKGROUND[1]

At between nine and ten o'clock in the evening on December 4, 2001, Katherine McClary drove with her husband to a South Oklahoma City IHOP restaurant to meet their son for dinner.  She drove her black, 1986 Monte Carlo, and parked it in the well-lighted parking lot; she and her family could see it out their window at the restaurant.  At about that same time, Clifford Williams pulled into the IHOP parking lot to drop his girlfriend off for work.  While he was sitting there he saw a man standing on the west side of the parking lot, smoking and scanning the parking lot.  He then saw the man approach the Monte Carlo, circle it a couple of times, then slip on some gloves and use a screwdriver to gain entry to the vehicle.  After gaining entry to the car, the man returned to where he had been standing before.  Shortly after that, Mr. Williams saw the same man as a passenger in a large four-door car being driven by a woman.  They parked one space away from the Monte Carlo; next, he saw the man leaning over the steering column of the Monte Carlo.

---

[1]This general background is taken from the statement of facts in Petitioner's brief in chief on direct appeal.  Response, Ex. 1, p. 2-7.

At about this same time, Ms. McClary's son, Jason McClary, noticed the large four-door car park very close to the truck he had driven to the IHOP.  He then saw a man exit the four-door car, approach Ms. McClary's Monte Carlo, pop the passenger-side door, enter the vehicle, and jump over the console.  Jason ran out, reached into the driver's side door, and pulled the man out by his sweatshirt.  Jason testified that the man was hunched over the steering column with a screwdriver, as if he were trying to bust the column.  Jason and the man began to struggle, and the man then slipped out of his shirt and ran away.  Mrs. McClary and Clifford Williams both saw the confrontation between the man and Jason.  Later, using a photo lineup, Mr. Williams identified the man that had broken into the Monte Carlo as Petitioner.

## II.  STANDARD GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).  A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result.  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).  A state court's determination involves an

3

unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the petitioner's case. Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas court still owes deference to the result. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003). A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "unreasonably applies clearly established federal law." Id. (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## III. DISCUSSION

### A.  SUFFICIENCY OF THE EVIDENCE

Petitioner contends that the evidence of one element of the crime was insufficient to support his conviction for second-degree burglary. Amended Petition, p. 4. Specifically, he claims the State did not prove the fifth element of the crime, which is one of six elements which must be proven to support a conviction for second degree burglary:

> No person may be convicted of burglary in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
>
> First, breaking;

Second, entering;

Third, a/an building/room/booth/tent/(railroad car)/automobile/truck/trailer/ vessel/structure/erection;

Fourth, of another;

**Fifth, in which property is kept;**

Sixth, with the intent to steal/(commit any felony).

Okla. Uniform Jury Instructions - Criminal, 5-13 (underlined emphasis added) (citing Okla. Stat. tit. 21, § 1435).  Petitioner claims that "absolutely no evidence was presented at trial to prove that there was any property kept within the vehicle which was allegedly burglarized on the night in question, as required by the relevant statute."  Brief in Support of Writ of Habeas Corpus, p. 5.

In reviewing this claim on direct appeal, the Oklahoma Court of Criminal Appeals held: "As to Proposition 1, the jury was presented with sufficient circumstantial evidence from which it could reasonably conclude that the vehicle [Petitioner] broke into was one in which 'property [was] kept.'" Response, Ex. 3, p. 1 (Farris v. State, No. F-2005-1052 (Okla. Crim. App. Oct. 19, 2006)).

Respondent contends that the evidence showed that the car which Petitioner was convicted of burglarizing had just been driven to an IHOP restaurant, and was thus being used as transportation that evening.  Response, p. 7. Respondent further contends that a car "being used for transportation generally contains items such as a stereo, keys, change, spare tires, and other personal items."  Id.

5

The Supreme Court set forth the standard of review for insufficiency of the evidence claims in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).  In that case, the Court held that the relevant question in considering such a claim, "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Id.</u> at 319; <u>see also</u> <u>Romero v. Tansy</u>, 46 F.3d 1024, 1032 (10th Cir. 1995).  This standard gives the trier of fact full responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  <u>Jackson</u>, 443 U.S. at 319.  Thus, in applying this standard, this Circuit has held that the Court may not weigh conflicting evidence or consider the credibility of witnesses.  <u>Grubbs v. Hannigan</u>, 982 F.2d 1483, 1487 (10th Cir. 1993).  Rather, the Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason."  <u>Id.</u>

As noted earlier, the evidence presented at trial revealed that the owner of the Monte Carlo which was burglarized had just driven with her husband in the car to the IHOP restaurant to meet their son for dinner. Trial Tr.. Vol. I, p. 194-95. Not only had the car just been driven, it could be seen from where they were sitting in the restaurant, and was broken into only moments after they had arrived. Tr. Vol. I, p. 195-98. It can be inferred from these circumstances that some property was being kept in the car.

In Oklahoma, "'Circumstantial evidence' is the proof of facts or circumstances which give rise to a reasonable inference of other connected facts that tend to show the guilt or innocence of a defendant. It is proof of a chain of facts and circumstances that indicates

either guilt or innocence." Okla. Uniform Jury Inst.- Criminal, 9-3. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the circumstances supported an inference that the car – which had been just been used for personal transportation of two individuals – would contain property of some sort. Thus, the Oklahoma Court of Criminal Appeals did not reach a decision that was an unreasonable determination of the facts, or an unreasonable  application of <u>Jackson</u> to the facts in light of the evidence.  It is therefore recommended that relief be denied on Ground One.

## B.  GROUND TWO - SUGGESTIVE PHOTO LINEUP

Next, Petitioner claims that his in-trial identification by the State's main witness Mr. Williams, followed an impermissibly suggestive photo lineup.  Brief in Support, p. 7. Specifically, he claims that the photo lineup was suggestive because his photograph was the only one on a "noticeably dark or almost black background." <u>Id.</u>

The Respondent contends that the lineup was not suggestive as it featured five other men with similar physical and facial characteristics as that of Petitioner  and, even if it were suggestive, the in-court identification was reliable under the totality of the circumstances because the witness closely observed Petitioner before, during, and after the break in, and at trial, was able to describe Petitioner's actions in great detail.  Response, p. 11.

In reviewing this claim on direct appeal, the Oklahoma Court of Criminal Appeals found "nothing improperly suggestive" about the photo lineup one witness used to identify Petitioner.  Response, Ex. 3, p. 2.

The Supreme Court has held that "convictions based on eyewitness identification at

trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). The admission of evidence of a pretrial identification "without more does not violate due process." Neil v. Biggers, 409 U.S. 188, 198 (1972). Even if the procedure is found to be unduly suggestive, "reliability is the linchpin in determining the admissibility of identification testimony..." Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Consequently, an identification is valid if it was reliable, and the factors to be considered to determine whether an identification was reliable include " the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation."  Id.; accord Biggers, 409 U.S. at 199-200 (1972). Unless these factors present "'a very substantial likelihood of irreparable misidentification,' ... such evidence is for the jury to weigh." Manson, 432 U.S. at 116 (quoting Simmons,390 U.S. at 384).

First, the undersigned finds that there is nothing unduly suggestive about the photo lineup. Although the background of Petitioner's photograph is darker, the undersigned finds that it is not noticeably so – in fact, the background of another of the photographs is blue in color, and if any of the photographs is "noticeably different" from the rest it is that one rather than Petitioner's photo. All of the men featured on the lineup have short hair, small mustaches, and appear to be of the same approximate age.

8

Moreover, even if the lineup were unduly suggestive, the in court identification was reliable. Although four years had passed by the time the case went to trial, the testimony of the eyewitness – who is employed as a surveillance officer at a casino – showed that he was parked only a very short distance from the Monte Carlo and had a good opportunity to observe the events he described. He attentively observed the person identified as Petitioner during the entire event, and displayed a great deal of confidence in his identification - both at the photo lineup and at trial. Trial Tr. Vol. II, p. 7, 8-14. Thus, the Oklahoma Court of Criminal Appeals' rejection of this claim on direct appeal was not contrary to, or an unreasonable application of, clearly-established federal law as determined by the Supreme Court. It is therefore recommended that relief be denied on Ground Two.

## C.  GROUND THREE - FAILURE TO GIVE CAUTIONARY INSTRUCTION

Finally, Petitioner claims that the trial court erred in failing to give a cautionary instruction regarding eyewitness testimony. Amended Petition, p. 7-8. He claims that the testimony of Mr. Williams was absolutely critical to the State's case, and was the only evidence linking him to the crime. Brief in Support, p. 9.

Respondent contends that errors in jury instructions are matters concerning State law, and unless the error is so fundamentally unfair as to deny due process, the error cannot support federal habeas relief. Response, p. 14. In determining the merits of this claim on direct appeal, the Oklahoma Court if Criminal Appeals found that given "the circumstances under which the eyewitness observed the assailant, and the certainty of his identifications, both from the lineup and in court, there was no plain error in the trial court's failure to

caution the jury *sua sponte* on the potential dangers of eyewitness identifications." Response, Ex. 3, p. 2.

A petitioner seeking collaterally to attack a state court conviction based on an erroneous set of jury instructions "bears a heavy burden of proof." Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990). "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense," Shafer, 906 F.2d at 508 (quotation omitted), or "so infected the entire trial that the resulting conviction violates due process," Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Moreover, the burden on a petitioner attacking a state court judgment based on a *failure* to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir. 1999) (quoting Maes v. Thomas, 46 F. 3d 979, 984 (10th Cir. 1995)) (additional citations omitted). Although there is no Supreme Court law establishing a constitutional violation on these facts, in the federal courts the trial court does not commit abuse of discretion in failing to issue a jury instruction on the possible infirmities of eyewitness identification where the identification is "clear and unequivocal," and supported by corroborating evidence. See e.g. United States v. McGuire, 200 F.3d 668, 676-77 (10th Cir.1999). Here, as noted above, the eyewitness' testimony in this case was detailed, specific, and unwavering, See Trial Tr. Vol. II, p. 7, 8-15, and was supported by corroborating

10

evidence in the form of the testimony of the car owner's son and the officer who testified about the stop of Petitioner's companion. Trial Tr. Vol. I, p. 207-14; Trial Tr. Vol. II, p.30-31. Thus, the Oklahoma Court of Criminal Appeals' decision cannot be said to have unreasonably applied federal law in upholding the conviction despite the trial court's failure to give a cautionary instruction, nor can Petitioner demonstrate any fundamental unfairness as a result. Accordingly, it is recommended that relief he denied on Ground Three.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 25, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 5th day of September, 2008**.


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE